## IN THE MATTER OF JOHN S. POWER, AN ATTORNEY AT LAW.

Argued January 25, 1977—Decided March 8, 1977.

*Mr. Lawrence C. Stamelman* argued the cause for the Monmouth County Ethics Committee.

*Mr. Donald J. Pappa* argued the cause for respondent.

PER CURIAM. The record before the Monmouth County Ethics Committee satisfactorily establishes the following facts.

Respondent represented Rosemor Land Development Co. (Rosemor) in the negotiation and making of a contract

whereby Rosemor agreed to sell certain lands to Poet's Dream, Inc. The contract contained a number of conditions to be performed on Rosemor's part and a requirement for a down payment of $10,000 by the purchaser, to be held in escrow by respondent in an interest-bearing account. Such a trust savings account was opened by respondent with the deposit money on April 30, 1974. On October 29, 1974, in violation of his escrow agreement, respondent closed that trust savings account and deposited the funds thereof into his regular trustee *checking* account (non-interest bearing). That account, moreover, was deficient in that a check for $11,438.43 had been drawn against the account by respondent on July 18, 1974, in a transaction amounting to a loan of the funds to the principal of Rosemor, at a time when there were no funds in such trustee checking account. The result was that the October 1974 deposit into that account left it deficient by $1,275.24.

On May 9, 1975 respondent testified on depositions in an action in the Superior Court brought by Poet's Dream to recover its deposit on the contract aforesaid. After conceding that he had transferred the deposit money from an interest-bearing account to his trust checking account, respondent was asked whether the $10,000 deposit money was then in that account. He falsely said it was and that it had been there "continuously since" its deposit therein. In fact, as indicated above, it had been wholly diverted to another use.

The record before the ethics committee demonstrates, in addition to the foregoing, that at the time, and because of the transactions in question, respondent's trust checking account was short in relation to other clients' funds, and the committee so found.

In summary, it is clear that respondent (a) violated his fiduciary obligation with respect to the escrow account; (b) gave false testimony in reference thereto in a Superior Court action; and (c) improperly invaded the funds of certain of his clients contained in his attorney's trust account for the benefit of another client.

Although respondent has made full restitution in respect of all the matters discussed above, the violations of the Disciplinary Rules are patent, serious and inexcusable, DR 1–102(A)(1), (3), (4) and DR 9–102(B)(3) and (4). In determining discipline, however, we have taken account of the fact that all the mentioned occurrences arose basically from a single, isolated transaction and that respondent has no prior record of disciplinary infractions.

Respondent is ordered suspended from the practice of the law for three months and until the further order of the Court.

*For suspension for three months*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is ORDERED that JOHN S. POWER of Brielle be suspended from the practice of law for a period of three months and until further order of the Court, effective March 21, 1977; and it is further

ORDERED that JOHN S. POWER be and hereby is restrained and enjoined from practicing law during the period of his suspension.